UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRIE SHORTEN, | ) | |
| | ) | Case No. 4:15-cv-01988 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| OXFORD LAW, LLC, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, SHERRIE SHORTEN, by and through her attorneys, and for her Complaint against the Defendant, OXFORD LAW, LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Splendora, Texas.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Pennsylvania, which is not licensed to do business in Texas, and which has its principal place of business in Levittown, Pennsylvania.

**STATEMENTS OF FACTS**

9. On or about April 16, 2015, Defendant placed a telephone call to Plaintiff in an attempt to collect a debt allegedly owed to Cuzco Capital Investment for a Suzuki vehicle.

10. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke that she disputed the debt. Plaintiff further informed the employee, agent and/or representative that she had never owned a Suzuki vehicle.

11. On or about April 17, 2015, Defendant placed another telephone call to Plaintiff in another attempt to collect the aforementioned alleged debt.

12. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

13. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

14. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

15. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

16. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

17. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

18.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

19.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

20. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

24. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

26.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

27.    Defendant violated 15 U.S.C. § 1692g by failing to provide a proper notice to Plaintiff as required by that section.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

                RESPECTFULLY SUBMITTED,

                SHERRIE SHORTEN

                By:    /s/ Lawrence D. Tackett
                          Attorney for Plaintiff

Lawrence D. Tackett
Texas Bar Card No. 19607400
Allen Chern Law, LLC
1400 Woodloch Forest Drive
Spring, Texas 77380
Phone: (832) 689-4778
Fax: (866) 359-7478
lawtackett@aol.com