United States District Court
Southern District of Texas
**ENTERED**
February 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHERRIE SHORTEN, <br><br> Plaintiff, <br><br> v. <br><br> OXFORD LAW, LLC, <br><br> Defendant. | Case No. 4:15-cv-01988 <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

This cause coming to be heard on Plaintiff's Motion for Default Judgment, upon a review of the record this Court finds that:

1. Plaintiff, a resident of the City of Splendora, State of Texas, filed this action on July 13, 2015.

2. Charles Ritter, an individual authorized to accept service on behalf of Defendant, was properly served with the Summons and Complaint pursuant to Rule 4(h) of the Federal Rules of Civil Procedure on August 6, 2015 at 8:05 a.m.

3. Defendant has not filed a Notice of Appearance, an Answer, nor any other responsive pleading with this Court.

4. Plaintiff properly filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA"). Plaintiff's Complaint alleges causes of action for violations of the FDCPA by Defendant in attempting to collect an alleged debt from Plaintiff.

5. Plaintiff granted Defendant an extension to November 9, 2015 to file its responsive pleading.

6. Plaintiff followed up with Defendant again on December 1, 2015 and December 3, 2015 regarding the status of the filing of Defendant's responsive pleading and received no response regarding whether Defendant intended to file its Answer.

7. On December 15, 2015, Plaintiff filed an Application for Entry of Default.

8. On December 18, 2015, the Clerk of Court found that Defendant failed to file an answer or otherwise sufficiently plead to the Complaint filed by Plaintiff, and that Defendant was otherwise subject to default as provided by the Federal Rules of Civil Procedure.

9. Pursuant to Federal Rule of Civil Procedure 55(a), an Entry of Default was entered against Defendant on December 18, 2015.

10. The Court has reviewed the Motion for Default Judgment; the Brief in Support thereof; the Complaint; the Declarations of Plaintiff and her counsel; and Plaintiff's exhibit of attorney time entries for this matter.

11. The Court finds that Defendant violated the FDCPA as follows:

   a. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt;

   b. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt;

   c. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

  d. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff;

  e. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

  f. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or where such amount was not permitted by law.

  g. Defendant violated 15 U.S.C. § 1692g by failing to provide a proper notice to Plaintiff as required by that section.

10. Pursuant to 15 U.S.C. § 1692k(a) the Court awards statutory damages to Plaintiff $1,000.

11. Pursuant to 15 U.S.C. § 1692k(a)(3), under the FDCPA, a plaintiff can recover from a debt collector "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court…"

12. The Court has reviewed Plaintiff's attachments to her Motion for Default Judgment, reflecting the amount of attorneys' fees and court costs incurred by Plaintiff in the prosecution of this action, and copies of the time entries reflecting the work for which Plaintiff is seeking compensation for her attorneys' fees. The Court finds that good cause is shown for the award of reasonable attorney fees in the amount of $2,657.50, court costs in the amount of $400, and other costs relating to the service of the summons in the amount of $55.00.

WHEREFORE, the Court awards a judgment in favor of the Plaintiff, SHERRIE SHORTEN, and against Defendant, OXFORD LAW, LLC, as follows:

| | | |
|---|---|---|
| a. | FDCPA Statutory Damages | $ 1,000.00 |
| b. | Attorneys' Fees | $ 2,657.50 |
| c. | Court Costs | $ 400.00 |
| d. | Other Costs | $ 55.00 |
| | TOTAL | $ 4,112.50 |

_____
District Judge Alfred H. Bennett
United States District Court
Southern District of Texas

2/17/16
Date